**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| AMERICAN PATENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:20-cv-00905 |
| | § | |
| DISH NETWORK CORPORATION, DISH | § | **JURY TRIAL DEMANDED** |
| NETWORK L.L.C., DISH NETWORK | § | |
| SERVICE L.L.C., and ARCADYAN | § | |
| TECHNOLOGY COPRORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ANSWER AND COUNTERCLAIMS OF DISH NETWORK CORPORATION, DISH
NETWORK L.L.C., AND DISH NETWORK SERVICE L.L.C. TO PLAINTIFF'S
ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendants DISH Network Corporation, DISH Network L.L.C., and Dish Network Service L.L.C. (collectively, "DISH") file this Answer and Counterclaims ("Answer") to Plaintiff American Patents LLC's ("American Patents" or "Plaintiff") Original Complaint for Patent Infringement ("Complaint"). The numbered paragraphs in this Answer and Counterclaims correspond to the like-numbered paragraphs of the Complaint, to the extent applicable. DISH denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

1.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      DISH admits that Defendant DISH Network Corporation is a corporation established under the laws of the State of Nevada.  DISH Network Corporation does not contest personal service for the purpose of this action.

3.      DISH admits that Defendant DISH Network L.L.C. is established under the laws of the State of Colorado.  DISH Network L.L.C. does not contest personal service for the purpose of this action.

4.      DISH admits that Defendant Dish Network Service L.L.C. is established under the laws of the State of Colorado.  Dish Network Service L.L.C. does not contest personal service for the purpose of this action.

5.      This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are too vague to be understood, and DISH therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

6.      This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are too vague to be understood, and DISH therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

7.      The allegations of this paragraph are too vague to be understood, and DISH therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

8.      This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, the allegations are too vague to be understood, and DISH

therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

9.      This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, the allegations regarding joint and several liability are too vague to be understood, and DISH therefore lacks knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.  DISH denies the remaining allegations of this paragraph of the Complaint.

10.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

11.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

12.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

13.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

14.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

15.     This paragraph contains legal conclusions for which no response is required.  To the extent a response is required, DISH does not contest the joinder of the named defendants under 35 U.S.C. § 299 into a single action for the purpose of this action only.

## JURISDICTION AND VENUE

16.     DISH admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement arising under, 35 U.S.C. §§ 271, 281, and 284–85, among others, and that this Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).  DISH denies all other allegations in this paragraph of the Complaint.

17.     DISH does not contest whether personal jurisdiction over it properly lies in this District for purposes of this action, and denies any allegation, suggestion, or inference that personal jurisdiction is proper in this District for all actions.  DISH admits that it has done, and continues to do business in Texas.  DISH admits that Defendants DISH Network L.L.C. and Dish Network Service L.L.C. have the right to transact business in Texas.  DISH denies all other allegations in this paragraph of the Complaint.

18.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

19.     DISH does not contest the propriety of venue at this time and for this action only. DISH does not waive the right to contest the propriety of venue in another action.  DISH does not admit that this venue is convenient and does not waive the right to seek transfer to a more convenient forum later in this or another action.  DISH denies the remaining allegations in this paragraph of the Complaint.

20.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

## BACKGROUND

21.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

22.     DISH admits that Georgia Tech is a public university located in Atlanta, Georgia. DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

23.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

24.     DISH admits that Nokia is a company listed on various stock exchanges.  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

25.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

## COUNT I

## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,088,782

26.     DISH admits that United States Patent No. 7,088,782 ("the '782 patent") is entitled "Time and Frequency Synchronization in Multi-Input, Multi-Output (MIMO) Systems" and shows as being issued by the U.S. Patent & Trademark Office ("USPTO") on August 8, 2006.  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

27.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

28.      Defendant Arcadyan Technology Corporation ("Arcadyan") is distinct from DISH. DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  The remaining allegations of this paragraph are too vague to be understood, and DISH therefore lacks knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

29.      Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that there are products having the name "Wireless Joey" and "Hopper 3."  The remaining allegations of the paragraph are too vague to be understood, and DISH therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

30.      Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

31.      Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

32.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

33.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

34.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

35.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

36.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

37.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with

respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

38.      Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that it has had knowledge of the '782 patent as of the date that DISH was served with a copy of Plaintiff's Complaint.  DISH denies the remaining allegations of this paragraph of the Complaint.

39.      Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

40.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

## COUNT II

### [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,310,304

41.      DISH admits that United States Patent No. 7,310,304 ("the '304 patent") is entitled "Estimating Channel Parameters in Multi-Input, Multi-Output (MIMO) Systems" and shows as being issued by the USPTO on December 18, 2007.  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

42.      DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

43.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  The remaining allegations of this paragraph are too vague to be understood, and DISH therefore lacks knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

44.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that there are products having the name "Wireless Joey" and "Hopper 3."  The remaining allegations of the paragraph are too vague to be understood, and DISH therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

45.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

46.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

47.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with

respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

48.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

49.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

50.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

51.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that it has had knowledge of the '304 patent as of the date that DISH was served with a copy of Plaintiff's Complaint.  DISH denies the remaining allegations of this paragraph of the Complaint.

52.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

53.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

## COUNT III
## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,706,458

54.     DISH admits that United States Patent No. 7,706,458 ("the '458 patent") is entitled "Time and Frequency Synchronization in Multi- Input, Multi-Output (MIMO) Systems" and shows as being issued by the USPTO on April 27, 2010.  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

55.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

56.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  The remaining allegations of this paragraph are too vague to be understood, and DISH therefore lacks knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

57.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that there are products having the name "Wireless Joey" and "Hopper 3."  The remaining allegations of the paragraph are too vague to be understood, and DISH therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

58.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

59.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

60.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

61.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

62.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

63.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with

respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

64.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

65.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

66.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

67.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that it has had knowledge of the '458 patent as of the date that DISH was served with a copy of Plaintiff's Complaint.  DISH denies the remaining allegations of this paragraph of the Complaint.

68.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

69.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

## COUNT IV
## [ALLEGED] DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,847,803

70.    DISH admits that United States Patent No. 6,847,803 ("the '803 patent") is entitled "Method for Reducing Interference in a Receiver" and shows as being issued by the USPTO on January 25, 2005.  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

71.    DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

72.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  The remaining allegations of this paragraph are too vague to be understood, and DISH therefore lacks knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

73.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that there are products having the name "Wireless Joey."  The remaining allegations of the paragraph are too vague to be understood, and DISH therefore lacks knowledge or information to form a belief about the truth of the remaining allegations in this paragraph of the Complaint and therefore denies the same.

74.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

75.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

76.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

77.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

78.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

79.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

## ADDITIONAL ALLEGATIONS REGARDING [ALLEGED] INFRINGEMENT

80.     DISH incorporates by reference paragraphs 1–79 above.  Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that this paragraph of the Complaint identifies purported accused products in this action.  DISH denies that the "Dish Hopper Duo with Sling" and the "Dish Hopper 3 with Sling" are actual products related to DISH.  DISH denies that the products are properly accused products.  DISH is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

81.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

82.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

83.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

84. Defendant Arcadyan is distinct from DISH. DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations. DISH denies the remaining allegations in this paragraph of the Complaint.

85. Defendant Arcadyan is distinct from DISH. DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations. DISH denies the remaining allegations in this paragraph of the Complaint.

86. Defendant Arcadyan is distinct from DISH. DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations. DISH denies the remaining allegations in this paragraph of the Complaint.

87. Defendant Arcadyan is distinct from DISH. DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations. The remaining allegations of this paragraph are too vague to be understood, and DISH therefore lacks knowledge or information sufficient to form a belief as to the truth of those allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

88. Defendant Arcadyan is distinct from DISH. DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations. DISH denies the remaining allegations in this paragraph of the Complaint.

89.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

90.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

91.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

92.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

93.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

94.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with

respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

95.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

96.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

97.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

98.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

99.     Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

100.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

101.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

102.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

103.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

104.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH admits that it has had knowledge of the '782, '304, '458, and '803 patents ("the Asserted Patents") as of the date that DISH was served with a copy of Plaintiff's Complaint.  DISH denies the remaining allegations of this paragraph of the Complaint.

105.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

106.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

107.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

108.    Defendant Arcadyan is distinct from DISH.  DISH lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint with respect to Arcadyan or its products and therefore denies all such allegations.  DISH denies the remaining allegations in this paragraph of the Complaint.

## [PLAINTIFF'S] JURY DEMAND

DISH admits that Plaintiff has demanded a trial by jury.  To the extent that any allegations are included in the demand, DISH denies such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

DISH denies the underlying allegations of Plaintiff's prayer for relief, denies that Plaintiff is entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiff and enter

judgment in favor of DISH on all claims and award DISH its costs and reasonable attorney fees and any further relief as the Court may deem appropriate. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, DISH denies them.

## ADDITIONAL DEFENSES

DISH asserts the following Additional Defenses in response to Plaintiff's Complaint. Assertion of a defense is not a concession that DISH has the burden of proving the matter asserted. DISH reserves its right to amend its Answer to add more Additional Defenses, including instances of inequitable conduct, as they become known throughout the course of discovery in this case.

DISH additionally restates and incorporates by reference the facts and assertions contained in DISH's Counterclaims for Declaratory Relief.

## FIRST DEFENSE

109.    American Patents has failed to state a claim on which relief can be granted in particular with respect to, but without limitation to, any allegations of pre-suit willful infringement and pre-suit indirect infringement.  DISH is not liable to American Patents for willful or indirect infringement for the acts alleged to have been performed before DISH knew of the Asserted Patents.

## SECOND DEFENSE

110.    DISH has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## THIRD DEFENSE

111.    The claims of the Asserted Patents are invalid and/or unenforceable at least because they fail to satisfy one or more of the conditions or requirements for patentability specified in Title

35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

### FOURTH DEFENSE

112.    Plaintiff's claims for relief are statutorily limited in whole or in part by Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 286 and/or 287.

### FIFTH DEFENSE

113.    35 U.S.C. § 288 bars Plaintiff from recovering costs associated with this action.

### SIXTH DEFENSE

114.    Plaintiff's claims that DISH indirectly infringes the Asserted Patents either contributorily or by inducement, are barred, in whole or in part, because DISH is not liable to Plaintiff for the allegedly infringing acts for any time periods during which DISH did not know of the Asserted Patents and/or did not have the specific intent to cause infringement of the Asserted Patents and/or otherwise did not know that its actions would constitute indirect infringement.  In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the Asserted Patents.

### SEVENTH DEFENSE

115.    Plaintiff's claims of patent infringement are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized.  Plaintiff's claims of patent infringement are also barred to the extent that Plaintiff has exhausted its rights and remedies as to the alleged infringement.

**EIGHT DEFENSE**

116.     Plaintiff's claims are barred by the doctrine of prosecution history estoppel, claim vitiation, and/or recapture based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the USPTO and/or during the prosecution of related patent applications.

**NINTH DEFENSE**

117.     One or more of the Asserted Patents are unenforceable because of Plaintiff's and/or Plaintiff's predecessors' failure to disclose them to the applicable Standard-Setting Organizations ("SSOs").

118.     For example, Dr. Apurva Mody is a named inventor of the '782, '304, and '458 patents.  American Patents alleges that DISH has infringed the '782, '304, and '458 patents because the accused products support IEEE 802.11n/ac standards.  Dr. Mody is listed as a member of the individual balloting committee that voted on the IEEE 802.11n standard.  His participation in the standard-setting process for IEEE 802.11n and 802.11ac came with an obligation to disclose any standards-essential patents. Based on Plaintiff's allegations in this matter, the '782, '304, and '458 patents are essential to the IEEE 802.11n/ac standards. On information and belief, Mody failed to disclose the '782, '304, and '458 patents prior to the voting, approval, and/or publication dates of IEEE 802.11 n/ac. This constitutes standard-setting misconduct, threatening continued harm to defendants and relevant third parties, rendering at least the '782, '304, and '458 patents unenforceable.

119.     Further, on information and belief, the '782 patent, the '304 patent, and the '458 patent were previously assigned to BAE Systems, a member of the European Telecommunications Standards Institute ("ETSI").  Based on Plaintiff's allegations in other matters (e.g., *American*

*Patents LLC v. Coolpad Group Limited* et al, No. 4:19-CV-877 (E.D. Tex.)), the '782, '304, and '458 patents are essential to the LTE standards (e.g., ETSI TS 136 331).  To the extent that BAE Systems failed to disclose those patents as required by ETSI's Intellectual Property Rights policy, such violations render at least the '782, '304, and '458 patents unenforceable.

120.    Similarly, Nokia, the predecessor-in-interest to the '803 Patent, identified numerous Patents as essential to the 802.11 standard, including in relation to the 802.11ac standard, and beamforming technologies which are allegedly a contribution of the '803 Patent adopted by the 802.11ac standard. For example, Nokia made standards commitments for U.S. Patent Nos. 7,440,760, 8,422,961, and 6,298,035. On information and belief, if the '803 patent was a standards-essential patent as American Patents appears to allege, American Patents' predecessor-in-interest should have also made a standard commitment for the '803 patent.  On information and belief, Nokia representatives participated in the drafting and approval of the 802.11ac standard but failed to disclose the '803 patent.   This constitutes standard-setting misconduct, threatening continued harm to DISH and relevant third parties, rendering the '803 patent unenforceable.

**TENTH DEFENSE**

121.    As set forth above in DISH's Ninth Defense, which DISH incorporates as if set forth herein, on information and belief, Plaintiff's claims for monetary relief are limited or barred by its obligations to license the Asserted Patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions pursuant to the relevant rules and intellectual property rights policies of the applicable SSOs.  For example, at least one inventor of the asserted patents participated in standards setting meetings for the 802.11n standard, and failed to comply with his obligation to notify the standards setting organization and IEEE of his allegedly standards essential

technology and patents.  Further, Plaintiff filed this lawsuit without making any FRAND offer prior to suit and therefore violated its FRAND obligations.  Plaintiff's failure to comply with its FRAND obligations limit or otherwise bar the damages, if any, available to Plaintiff in this action.

### ELEVENTH DEFENSE

122.    Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including waiver, estoppel, acquiescence, patent misuse, laches, and/or unclean hands.  DISH incorporates the statements and explanations set forth in its Ninth and Tenth Defenses.  Further, Plaintiff has attempted to use its patent rights to obtain and coerce an unfair commercial advantage by attempting to extend the economic effect beyond the scope of the patent grant.

### TWELFTH DEFENSE

123.    Plaintiff cannot prove that this is an exceptional case justifying an award of attorney's fees against defendants pursuant to 35 U.S.C. § 285.

### THIRTEENTH DEFENSE

124.    Plaintiff cannot prove that it is entitled to injunctive relief because there exists an adequate remedy at law and Plaintiff's claims otherwise fail to meet the requirements of such relief.

### RESERVATION OF RIGHTS

125.    In filing these defenses, DISH has not knowingly or intentionally waived any applicable defenses.  DISH reserves the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action.  DISH reserves the right to amend or to seek to amend its answer or affirmative defenses.

### DISH'S COUNTERCLAIMS FOR DECLARATORY RELIEF

DISH incorporates by reference Paragraphs 1 through 125 of its responses to American Patents' Complaint as if fully set forth herein.  For its counterclaims against American Patents, DISH alleges as follows:

### NATURE OF ACTION

1.      These counterclaims seek declaratory judgment with respect to the patents asserted by American Patents against DISH.  DISH seeks judgment under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

### PARTIES

2.      Counterclaim Plaintiff DISH Network Corporation is a corporation established under the laws of the State of Nevada, with a principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

3.      Counterclaim Plaintiff DISH Network L.L.C. is established under the laws of the State of Colorado, with a principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

4.      Counterclaim Plaintiff Dish Network Service L.L.C. is established under the laws of the State of Colorado, with a principal place of business at 9601 S. Meridian Boulevard, Englewood, Colorado 80112.

5.      Upon information and belief based solely on paragraph 1 of the Complaint as pled by American Patents, Counterclaim Defendant American Patents LLC is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas, 75703.

## JURISDICTION AND VENUE

6.     This Court has subject matter over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.     American Patents has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

8.     By virtue of its filing this action, American Patents has also consented that venue is permissible in this District, though not convenient for DISH, pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM I: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PAT. NO. 7,088,782

9.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

10.     Based on American Patents' filing of this action and at least DISH's Second Defense, an actual controversy has arisen and now exists between the parties as to whether DISH infringes the Asserted Patents.

11.     DISH has not and is not now infringing any claim of the '782 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

12.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, DISH requests a declaration by the Court that DISH has not infringed and does not infringe any valid and enforceable claim of the '782 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.  DISH does not have an adequate remedy at law.

## COUNTERCLAIM II: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PAT. NO. 7,088,782

13. DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

14. Based on American Patents' filing of this action and at least DISH's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

15. The claims of the '782 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

16. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Title 35 of the United States Code, DISH requests a declaration by the Court that the claims of '782 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto. DISH does not have an adequate remedy at law.

## COUNTERCLAIM III: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PAT. NO. 7,310,304

17. DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

18. Based on American Patents' filing of this action and at least DISH's Second Defense, an actual controversy has arisen and now exists between the parties as to whether DISH infringes the Asserted Patents.

19.     DISH has not and is not now infringing any claim of the '304 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

20.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., DISH requests a declaration by the Court that DISH has not infringed and does not infringe any valid and enforceable claim of the '304 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.  DISH does not have an adequate remedy at law.

### COUNTERCLAIM IV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 7,310,304

21.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

22.     Based on American Patents' filing of this action and at least DISH's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

23.     The claims of the '304 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, DISH requests a declaration by the Court that the claims of '304 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.  DISH does not have an adequate remedy at law.

## COUNTERCLAIM V: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PAT. NO. 7,706,458

25.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

26.     Based on American Patents' filing of this action and at least DISH's Second Defense, an actual controversy has arisen and now exists between the parties as to whether DISH infringes the Asserted Patents.

27.     DISH has not and is not now infringing any claim of the '458 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

28.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., DISH requests a declaration by the Court that DISH has not infringed and does not infringe any valid and enforceable claim of the '458 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.  DISH does not have an adequate remedy at law.

## COUNTERCLAIM VI: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PAT. NO. 7,706,458

29.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

30.     Based on American Patents' filing of this action and at least DISH's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

31.     The claims of the '458 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102,

103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, DISH requests a declaration by the Court that the claims of '458 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.  DISH does not have an adequate remedy at law.

### COUNTERCLAIM VII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 6,847,803

33.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

34.     Based on American Patents' filing of this action and at least DISH's Second Defense, an actual controversy has arisen and now exists between the parties as to whether DISH infringes the Asserted Patents.

35.     DISH has not and is not now infringing any claim of the '803 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

36.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., DISH requests a declaration by the Court that DISH has not infringed and does not infringe any valid and enforceable claim of the '803 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.  DISH does not have an adequate remedy at law.

### COUNTERCLAIM VIII: DECLARATORY JUDGMENT OF
### INVALIDITY OF U.S. PAT. NO. 6,847,803

37.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

38.     Based on American Patents' filing of this action and at least DISH's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

39.     The claims of the '803 Patent are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq., including §§ 101, 102, 103, and/or 112.

40.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Title 35 of the United States Code, DISH requests a declaration by the Court that the claims of '803 patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112.  DISH does not have an adequate remedy at law.

### COUNTERCLAIM IX: DECLARATORY JUDGMENT OF
### UNENFORCEABILITY OF U.S. PATENT NO. 7,706,458

41.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, as if fully set forth herein.

42.     Based on American Patents' filing of this action and at least DISH's Ninth and Tenth Defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of the Asserted Patents.

43.     American Patents and/or American Patents' predecessors-in-interest with respect to one or more of the Asserted Patents have engaged in standards-setting misconduct, including, without limitation, breach of the commitment to disclose standard-essential patents.

44.     As set forth in DISH's Defenses, Dr. Apurva Mody is a named inventor of the '782, '304, and '458 patents.  American Patents alleges that DISH has infringed the '782, '304, and '458 patents because the accused products support IEEE 802.11n/ac standards.  Dr. Mody is listed as a member of the individual balloting committee that voted on the IEEE 802.11n standard.  His participation in the standard-setting process for IEEE 802.11n and 802.11ac came with an obligation to disclose any standards-essential patents. Based on Plaintiff's allegations in this matter, the '782, '304, and '458 patents are essential to the IEEE 802.11n/ac standards. On information and belief, Mody failed to disclose the '782, '304, and '458 patents prior to the voting, approval, and/or publication dates of IEEE 802.11 n/ac. This constitutes standard-setting misconduct, threatening continued harm to defendants and relevant third parties, rendering at least the '782, '304, and '458 patents unenforceable.

45.     Further, on information and belief, the '782 patent, the '304 patent, and the '458 patent were previously assigned to BAE Systems, a member of the European Telecommunications Standards Institute ("ETSI").  Based on Plaintiff's allegations in other matters (e.g., *American Patents LLC v. Coolpad Group Limited* et al, No. 4:19-CV-877 (E.D. Tex.)), the '782, '304, and '458 patents are essential to the LTE standards (e.g., ETSI TS 136 331).  To the extent that BAE Systems failed to disclose those patents as required by ETSI's Intellectual Property Rights policy, such violations render at least the '782, '304, and '458 patents unenforceable.

46.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., DISH requests a declaration by the Court that the claims of the '458 patent are unenforceable. DISH does not have an adequate remedy at law.

### COUNTERCLAIM X: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO. 7,310,304

47.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, including paragraphs 42-45, as if fully set forth herein.

48.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., DISH requests a declaration by the Court that the claims of the '304 patent are unenforceable. DISH does not have an adequate remedy at law.

### COUNTERCLAIM XI: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO. 7,088,782

49.     DISH restates and incorporates by reference the entirety of the foregoing paragraphs, including paragraphs 42-45 as if fully set forth herein.

50.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., DISH requests a declaration by the Court that the claims of the '782 patent are unenforceable. DISH does not have an adequate remedy at law.

### COUNTERCLAIM XII: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO. 6,847,803

51.     Based on American Patents' filing of this action and at least DISH's Ninth and Tenth Defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of the Asserted Patents.

52.     American Patents and/or American Patents' predecessors-in-interest with respect to one or more of the Asserted Patents have engaged in standards-setting misconduct, including, without limitation, breach of the commitment to disclose standard-essential patents.

53.     Nokia, the predecessor-in-interest to the '803 Patent, identified numerous Patents as essential to the 802.11 standard, including in relation to the 802.11ac standard, and beamforming technologies which are allegedly a contribution of the '803 Patent adopted by the 802.11ac standard. For example, Nokia made standards commitments for U.S. Patent Nos. 7,440,760, 8,422,961, and 6,298,035. On information and belief, if the '803 patent was a standards-essential patent as American Patents appears to allege, American Patents' predecessor-in-interest should have also made a standard commitment for the '803 patent.  On information and belief, Nokia representatives participated in the drafting and approval of the 802.11ac standard but failed to disclose the '803 patent.  This constitutes standard-setting misconduct, threatening continued harm to DISH and relevant third parties, rendering the '803 patent unenforceable.

54.     Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., DISH requests a declaration by the Court that the claims of the '803 patent are unenforceable.  DISH does not have an adequate remedy at law.

## EXCEPTIONAL CASE

55.     For the reasons set forth in DISH's Additional Defenses and Counterclaims, this is an exceptional case entitling DISH to an award of attorney fees pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

DISH hereby demands a trial by jury on all issues so triable raised by American Patents' Complaint or by DISH's Answer.

## PRAYER FOR RELIEF

WHEREFORE, DISH respectfully requests that this Court enter judgment in DISH's favor against American Patents and issue an order that includes:

A.  A declaration that DISH has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim of the Asserted Patents;

B.  A declaration that the claims of the Asserted Patents are invalid and unenforceable;

C.  A declaration that Plaintiff take nothing by its Complaint;

D.  Judgment against American Patents and in favor of DISH;

E.  Denial of Plaintiff's request for injunctive relief;

F.  Dismissal of the Complaint with prejudice;

G.  A finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to DISH of its costs and attorneys' fees incurred in this action; and

H.  Further relief as the Court may deem just and proper.

Dated: March 1, 2021                    Respectfully submitted,


By:  */s/ Ruffin B. Cordell*
     Ruffin B. Cordell
     TX Bar No. 04820550
     cordell@fr.com
     Adam R. Shartzer
     DC Bar No. 994420
     shartzer@fr.com
     Ryan M. Teel (*pro hac vice*)
     DC Bar No. 1044020
     teel@fr.com
     Matthew Mosteller (*pro hac vice*)
     CA Bar No. 324808
     mosteller@fr.com

     **FISH & RICHARDSON P.C.**
     1000 Maine Avenue S.W.
     Suite 1000
     Washington, DC 20024
     Telephone: (202) 783-5070
     Facsimile: (202) 783-2331

     Tim Rawson
     CA Bar No. 304755
     rawson@fr.com

     **FISH & RICHARDSON P.C.**
     12860 El Camino Real
     Suite 400
     San Diego, CA 92130
     Telephone: (858) 678-5070
     Facsimile: (858) 678-5099

     *Attorneys for Defendants DISH*
     *Network Corporation, DISH Network*
     *L.L.C. and Dish Network Service L.L.C.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(c) on this 1st day of March, 2021. Any other counsel of record will be served by first class mail.

*/s/ Ruffin B. Cordell*